# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS,<br><br>Petitioner,<br><br>v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No. 1:19-cv-00505-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

On April 19, 2019, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges his 2018 Kern County Superior Court convictions for second-degree commercial burglary, attempted second-degree commercial burglary, and misdemeanor possession of a controlled substance. (ECF No. 1 at 1).[1]

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

**A. Failure to Specify Grounds for Relief**

Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must, *inter alia*, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Here, Petitioner has left blank the sections in the petition for his grounds for relief. (ECF No. 1 at 5, 7–8, 10). However, Petitioner has specified the grounds for relief raised in his state habeas petition filed in the Kern County Superior Court. (ECF No. 1 at 3). To the extent Petitioner raises the same claims in his federal habeas petition and if Petitioner can demonstrate that he has fully exhausted said claims, the Court will grant Petitioner an opportunity to find an amended petition to specify his grounds for relief and state the facts supporting each ground. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Exhaustion**

It also appears that Petitioner may have failed to exhaust the claims that he appears to raise in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). Although the petition states that Petitioner did not file a direct appeal and filed only a state habeas petition in the Kern County Superior Court that is currently pending, (ECF No. 1 at 2–3, 6), it is possible that Petitioner presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in

the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies and for failure to state grounds for relief.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __**April 23, 2019**__

UNITED STATES MAGISTRATE JUDGE