# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANCIS GOODS, | Case No. 1:19-cv-00505-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| KERN COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On April 19, 2019, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges his 2018 Kern County Superior Court convictions for second-degree commercial burglary, attempted second-degree commercial burglary, and misdemeanor possession of a controlled substance. (ECF No. 1 at 1).[1] On April 23, 2019, the Court ordered Petitioner to show cause why the petition should not be dismissed without prejudice for failure to exhaust state judicial remedies. (ECF No. 4). The order to show cause was served on Petitioner and contained notice that a response should be filed within thirty days

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

of the date of service of the order. Over thirty days have passed and Petitioner has not responded to the Court's order to show cause.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition states that Petitioner did not file a direct appeal and filed only a state habeas petition in the Kern County Superior Court that is currently pending. (ECF No. 1 at 2–3, 6). It is possible that Petitioner presented all of his claims to the California Supreme Court and failed to indicate this to the Court. However, as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust the claims raised in the instant petition. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies.

1       This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 18, 2019**

UNITED STATES MAGISTRATE JUDGE